IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWIN P. WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-3646 |
| | § | |
| LAWRENCE BARCELLA, CHARLES A. | § | |
| BRIGGS, THEODORE S. GREENBERG, | § | |
| STEPHEN TROTT, D. LOWELL JENSEN, | § | |
| MARK M. RICHARD, JAMES L. POWERS, | § | |
| DANIEL K. HEDGES, JANE and JOHN | § | |
| DOES I-XX, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT LAWRENCE BARCELLA'S
REPLY IN SUPPORT OF HIS MOTION
TO DISMISS THE COMPLAINT**

      Defendant Lawrence Barcella, by and through undersigned counsel, respectfully submits this Reply to Plaintiff Edwin P. Wilson's Consolidated Response to Defendants Barcella, Briggs, Greenberg, Hedges and Powers, Jensen, Richard and Trott's Motions to Dismiss.

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF CITATIONS ............................................................................................................... ii

ARGUMENT ...................................................................................................................................1

      A.      Barcella is Absolutely Immune from Liability for His Role in
             Wilson's Prosecutions ..............................................................................................1

             1.      Wilson Mischaracterizes Controlling Precedent ..........................................1

             2.      Barcella Acted as an Advocate When He Allegedly
                   Failed to Disclose Exculpatory Evidence .....................................................2

             3.      Barcella Acted as an Advocate When He "Lured" Wilson
                   to the U.S. and Prosecuted Wilson in D.C. ....................................................4

             4.      Allegations that Barcella Acted as Part of a Conspiracy
                   Cannot Overcome His Immunity ...................................................................6

             5.      Barcella is Immune from Liability for Testimony at
                   Wilson's New York Trial ...............................................................................7

      B.      Wilson Cannot State a Claim for Damages for Prosecutions
             Outside Texas ............................................................................................................7

             1.      Damage Claims Related to the New York and Virginia
                   Prosecutions are Barred by *Heck* ..................................................................7

             2.      Claims Related to Wilson's D.C. and Tax Court Prosecutions
                   are Untimely ...................................................................................................8

             3.      Wilson's Conclusory Allegations Concerning Barcella's Role
                   in Investigating Wilson Cannot Survive a 12(b)(6) Motion ..........................9

             4.      Wilson's Complaint Does Not Allege Violations of the Fourth
                   or Sixth Amendments ...................................................................................10

CONCLUSION .............................................................................................................................11

# TABLE OF CITATIONS

**CASES**

*Adler v. Beverly Hills Hospital*,
594 S.W.2d 153 (Tex. App. Ct. 1980)..................................................................................9

*Anderson v. Pasadena Indep. Sch. Dist.*,
184 F.3d 439 (5th Cir. 1999) ................................................................................................9

*Boyd v. Biggers*,
31 F.3d 279 (5th Cir. 1994) ..............................................................................................2, 5

*Brandley v. Keeshan*,
64 F.3d 196 (5th Cir. 1995) ..............................................................................................2, 5

*Briscoe v. LaHue*,
460 U.S. 325 (1983)..............................................................................................................7

*Brown v. Nationsbank Corp.*,
188 F.3d 579 (5th Cir. 1999) ................................................................................................8

*Brummett v. Cable*,
946 F.2d 1178 (5th Cir. 1991) ..............................................................................................2

*Bryan v. Levy*,
106 Fed. Appx. 214 (5th Cir. 2004)....................................................................................10

*Buckley v. Fitzsimmons*,
509 U.S. 259 (1993)..................................................................................................... 1-2, 3

*Burge v. Parish of St. Tammany*,
187 F.3d 452 (5th Cir. 1999) ................................................................................................2

*Burns v. County of King*,
883 F.2d 819 (9th Cir. 1989) ................................................................................................7

*Burns v. Reed*,
500 U.S. 478 (1991)..............................................................................................................1

*Car Carriers, Inc. v. Ford Motor Co.,*
745 F.2d 1101 (7th Cir. 1984) ..............................................................................................7

*Carney v. United States*,
No. Civ. A. 3:99CV1989, 2004 WL 1285037 (N.D. Tex. June 9, 2004) .............................3

*Carter v. Clay*,
No. Civ. A. H97-4141, 2000 WL 1810961 (S.D. Tex. Mar. 29, 2000) .........................................10

*Chatman v. Angelina County Justice Sys.*,
No. Civ. A. 905CV54, 2005 WL 1230920 (E.D. Tex. May 23, 2005) ...........................................8

*Columbraria Ltd. v. Pimienta*,
110 F.Supp.2d 542 (S.D. Tex. 2000) ..........................................................................................10

*Cousin v. Small*,
325 F.3d 627 (5th Cir. 2003) ......................................................................................................2, 5

*Davis v. Davis*,
No. Civ.A. 3:97CV0267, 1998 WL 51366 (N.D. Tex. Jan. 21, 1998) ......................................7, 10

*Groom v. Fickes*,
966 F. Supp. 1466 (S.D. Tex. 1997) ..............................................................................................6

*Hale v. Townley*,
45 F.3d 914 (5th Cir. 1995) ............................................................................................................6

*Hamilton v. Daley*,
777 F.2d 1207 (7th Cir. 1985) ........................................................................................................5

*Heck v. Humphrey*,
512 U.S. 477 (1994) ................................................................................................................ 1, 7-8

*Henzel v. Gerstein*,
608 F.2d 654, 657 (5th Cir. 1979) .................................................................................................5

*Holloway v. Walker*,
765 F.2d 517 (5th Cir. 1985). ........................................................................................................6

*Houston v. Partee*,
978 F.2d 362 (7th Cir. 1992) .........................................................................................................3

*Imbler v. Pachtman*,
424 U.S. 409 (1976) ................................................................................................................1, 2, 3

*Kalina v. Fletcher*,
522 U.S. 118 (1997) ................................................................................................................ 1-2, 6

*Long v. Satz*,
181 F.3d 1275 (11th Cir. 1999) .....................................................................................................4

iii

*McQueen v. United States*,
264 F. Supp. 2d 502 (S.D. Tex. 2003) ...................................................................................7

*Metoyer v. Connick*,
No. Civ. A. 99-3019, 2000 WL 863133 (E.D. La. June 26, 2000) ..................................6

*Milstein v. Cooley*,
257 F.3d 1004 (9th Cir. 2001) .............................................................................................6

*Mitchell v. Forsyth*,
472 U.S. 511 (1985) ...............................................................................................................1

*Mowbray v. Cameron County, Texas*,
274 F.3d 269 (5th Cir. 2001) ...........................................................................................5, 7

*Paine v. City of Lompoc*,
265 F.3d 975 (9th Cir. 2001) ...............................................................................................6

*Peña v. United States*,
157 F.3d 984, 987 (5th Cir. 1998) ......................................................................................9

*Pierce v. Gilchrist*,
359 F.3d 1279 (10th Cir. 2004 ............................................................................................5

*Randell v. Johnson*,
227 F.3d 300 (5th Cir. 2000) ..............................................................................................8

*Rykers v. Alford*,
832 F.2d 895 (5th Cir. 1987) ..............................................................................................5

*San Filippo v. U.S. Trust Co.*,
737 F.2d 246 (2d Cir. 1984) ................................................................................................6

*Shaw v. Harris*,
116 Fed. Appx. 499 (5th Cir. 2004) ...................................................................................2

*Spence v. Hood*,
170 Fed. Appx. 928 (5th Cir. 2006) .................................................................................10

*Spivey v. Robertson*,
197 F.3d 772 (5th Cir. 2000) .....................................................................................2, 5, 6

*Spurlock v. Satterfield*,
67 F.3d 995 (6th Cir. 1999) .................................................................................................6

*Spurlock v. Thompson*,
330 F.3d 791 (6th Cir. 2004) ........................................................................................3, 4, 6

*Stephenson v. Reno*,
28 F.3d 26 (5th Cir. 1994) ......................................................................................................8

*Tellier v. Petrillo*,
No. 95 Civ. 211, 1996 WL 734885 (S.D.N.Y. Dec. 23, 1996)........................................ 5-6

*Thompson v. Connick,*
No. Civ. A. 03-2045, 2005 WL 3541035 (E.D. La. Nov. 15, 2005) .................................5

*White v. Frank,*
680 F. Supp. 629 (S.D.N.Y. 1988)........................................................................................6

*Woods v. Chapman*,
No. Civ. A. 4:04-CV-405-Y, 2006 WL 56074 (N.D. Tex. Mar. 7, 2006)................................ 9-10

**FEDERAL STATUTES**

U.S. CONST. amend. IV ...............................................................................................................10

U.S. CONST. amend V .................................................................................................................10

U.S. CONST. amend VI................................................................................................................10

**STATE STATUTES**

D.C. CODE § 12-301.......................................................................................................................9

Faced with the inescapable conclusion that his claims against Barcella and the other prosecutor defendants are barred by absolute immunity, Wilson's 60-page Response ("Resp.") to defendants' motions to dismiss resorts to mischaracterizing both controlling law and Wilson's own First Amended Complaint ("FAC"). Even if it were permissible for Wilson to amend his pleading in his opposition brief—which it is not—Wilson cannot rewrite the law, nor can he avoid the reality that his allegations against Barcella fall well within the bounds of absolute prosecutorial immunity. In addition, Wilson's claims for damages related to his New York and Virginia convictions are barred by the favorable termination requirement adopted by the U.S. Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), and his claims relating to his District of Columbia trial and Tax Court proceedings are untimely. The complaint should therefore be dismissed in its entirety as to Barcella.[1]

## ARGUMENT

**A.     Barcella is Absolutely Immune from Liability for his Role in Wilson's Prosecutions**

    **1.     Wilson Mischaracterizes Controlling Precedent**

Wilson premises his Response to defendants' assertions of absolute immunity on the manifestly inaccurate proposition that the U.S. Supreme Court's landmark decision *Imbler v. Pachtman*, 424 U.S. 409 (1976), is a "relic" and the doctrine of absolute immunity has been "vastly curtailed" in the past 30 years. Resp. at 1, 12 n.22. Wilson is wrong. The Supreme Court opinions Wilson cites simply distinguish conduct undertaken in the prosecutor's role as an advocate—which is subject to absolute immunity—from conduct that falls outside the doctrine because it relates to the prosecutor's administrative or investigative duties.[2] In *Kalina,* the most

---

[1] Appendix A to this Reply summarizes Wilson's claims against Barcella and the reasons they must be dismissed.
[2] *See Mitchell v. Forsyth*, 472 U.S. 511, 513, 520-21 (1985) (no absolute immunity for authorizing warrantless wiretap in investigation); *Burns v. Reed*, 500 U.S. 478, 492-93 (1991) (absolute immunity for presenting evidence at probable cause hearing, but not for giving legal advice to police in investigative phase of case); *Buckley v.*

1

recent of these cases, the Court specifically noted that its decision "do[es] not depart from our prior cases that have recognized that the prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate." 522 U.S. at 131 (citing *Imbler*).

Wilson's suggestion that this Court disregard the recent Fifth Circuit opinions *Cousin v. Small*, 325 F.3d 627 (5th Cir. 2003), and *Brandley v. Keeshan*, 64 F.3d 196 (5th Cir. 1995), because they "rel[y] on … *Imbler*," Resp. at 27 n.45, 47, is therefore misguided, if not deliberately misleading. Wilson misquotes and mischaracterizes Fifth Circuit cases holding prosecutors absolutely immune for their advocatory conduct.[3] The Fifth Circuit has consistently held that the scope of absolute prosecutorial immunity is "broad" and extends to allegations that prosecutors withheld exculpatory evidence, used perjured testimony and intimidated witnesses— the very conduct Wilson asserts against Barcella. *See, e.g., Cousin*, 325 F.3d at 636; *Brandley*, 64 F.3d at 201; *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994); *Shaw*, 116 Fed. Appx. at 500.

### 2. Barcella Acted As an Advocate When He Allegedly Failed to Disclose Exculpatory Evidence

Barcella is absolutely immune for his alleged failure to disclose exculpatory evidence of Wilson's post-retirement contacts with the CIA, because this conduct falls within Barcella's advocatory role. Whether or not Barcella was licensed to practice outside the District of Columbia, or whether his name appears on the published opinions in Wilson's various appeals,

---

*Fitzsimmons*, 509 U.S. 259, 275, 277 (1993) (no absolute immunity for fabricating evidence in preliminary investigation or making statements to press); *Kalina v. Fletcher*, 522 U.S. 118, 129-30 (1997) (absolute immunity for preparing information and motion for arrest warrant, but not for attesting to facts recited in certification).

[3] For example, Wilson incorrectly claims the Fifth Circuit's holding in *Brummett v. Cable*, 946 F.2d 1178 (5th Cir. 1991) "rested on statute of limitations rather than immunity," Resp. at 16 n.27, when in fact the court held that the defendant prosecutors' conduct was "clearly protected by absolute immunity." 946 F.2d at 1182. Wilson cites *Burge v. Parish of St. Tammany*, 187 F.3d 452, 480 n.11 (5th Cir. 1999), for the proposition that prosecutors are not immune for "withholding, suppressing or hiding exculpatory evidence," Resp. at 26, but the portion of the opinion cited deals with qualified immunity of police detectives and does not address prosecutorial immunity. The prosecutor in *Burge* was found not to be immune because he was sued in an official capacity, not as an individual. *Id.* at 466-67. *See also* Resp. at 24 n.37 (incorrectly implying that the complaint in *Shaw v. Harris*, 116 Fed. Appx. 499 (5th Cir. 2004), was dismissed solely on ripeness, rather than immunity, grounds); Resp. at 51 (citing Fifth Circuit's quotation from the district court's opinion in *Spivey v. Robertson*, 197 F.3d 772, 776 (5th Cir. 2000), which the Fifth Circuit reversed).

*see* Resp. at 22, is beside the point. Wilson's complaint may only overcome Barcella's absolute immunity if it alleges Barcella committed acts outside his prosecutorial function. It does not.

Wilson principally relies on *Carney v. United States*, No. Civ. A. 3:99CV1989, 2004 WL 1285037, at *10 (N.D. Tex. June 9, 2004), for the proposition that failure to correct untrue testimony is not protected by absolute immunity. *See* Resp. at 19. *Carney*, however, was solely concerned with resolving assertions of qualified immunity brought by FBI agent and Office of Thrift Supervision employee defendants, and did not address absolute prosecutorial immunity in any respect. *See* 2004 WL 1285037 at *4-5. Other cases Wilson cites concern defendants who were not involved in prosecuting the plaintiff when they allegedly discovered exculpatory evidence or otherwise violated the plaintiff's constitutional rights. In *Houston v. Partee*, 978 F.2d 362 (7th Cir. 1992), the defendants learned of information exonerating the plaintiff when they were investigating an unrelated case. *Id.* at 364. The court ruled that absolute immunity did not apply because the defendants "were not functioning as prosecutors" when they discovered the evidence. *Id.* at 366. Similarly, in *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2004), the defendant prosecutor allegedly threatened a witness during an administrative investigation when "[t]here were no ongoing adversarial proceedings" involving the plaintiff.[4]

In contrast, Wilson alleges Barcella discovered exculpatory evidence in the course of his prosecution of Wilson. According to the complaint, Barcella received exculpatory information concerning Wilson's CIA contacts as early as August 1980, a few months *after* Wilson's District of Columbia indictment, and obtained additional information about Wilson's CIA activities in November 1982. *See* FAC ¶¶120, 169, 293. Barcella allegedly received a copy of the Tanes

---

[4] Wilson incorrectly cites *Spurlock* for the proposition that absolute immunity only extends to a prosecutor's in-court actions. *See* Resp. at 17-18. The Supreme Court has recognized that "'the duties of a prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom,' and are nonetheless entitled to absolute immunity." *Buckley*, 590 U.S. at 272 (quoting *Imbler*, 424 U.S. at 431 n.33).

3

Memorandum questioning the accuracy of the Briggs affidavit shortly after Wilson's February 1983 Texas trial—less than a month before Barcella prosecuted Wilson in the District of Columbia. *See* FAC ¶¶190-91, 295. Barcella was acting in a prosecutorial function during the entire period in which Wilson alleges he received exculpatory evidence.

Barcella was also functioning as a prosecutor when he allegedly participated in the decision not to disclose inaccuracies in the Briggs affidavit while Wilson's Fifth Circuit appeal was pending. *See* FAC ¶¶209, 213-24, 226-28, 243. Whatever other role Barcella may have played in Wilson's appeal, his participation in the decision not to disclose constituted a "professional evaluation of the evidence" in the context of ongoing criminal proceedings and was therefore advocatory conduct. *See Spurlock,* 330 F.3d at 799; *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (adopting district court finding that "[t]he task of evaluating the credibility of the alleged exculpatory information . . . and the prosecutor's decision whether to confess error and agree to have the verdict set aside, no doubt requires the exercise of prosecutorial discretion").[5] Barcella is absolutely immune for these alleged activities.

### 3. Barcella Acted As an Advocate When He "Lured" Wilson to the U.S. and Prosecuted Wilson in D.C.

Wilson's allegations that Barcella obtained an indictment against Wilson in the District of Columbia, "lured" him from Libya into the U.S. to stand trial, suppressed exculpatory evidence and coerced a witness into signing a false affidavit that was subsequently entered into evidence at trial, FAC ¶¶42, 117-21, 122-41, 165, 293-97, similarly implicate advocatory conduct that is shielded by absolute immunity. Acts taken to initiate prosecution, such as securing the presence of the accused to stand trial, are protected by absolute immunity. *See*

---

[5] Contrary to Wilson's assertion that the defendant in *Long* "personally handled the appeals briefs," Resp. at 19 n.30, 24 n.37, the district court in *Long* specifically rejected plaintiff's argument that absolute immunity should not apply because defendants "had no 'direct involvement' with the pending appeal." *See* 181 F.3d at 1278.

4

*Hamilton v. Daley*, 777 F.2d 1207, 1213 (7th Cir. 1985); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).[6] In addition, absolute immunity extends to a "prosecutor's decision on which witnesses to call and what other evidence to present," including "an out-of-court effort to control the presentation of [a] witness' testimony." *Mowbray v. Cameron County, Texas*, 274 F.3d 269, 276-77 (5th Cir. 2001) (internal quotations and citation omitted); *see also Brandley,* 64 F.3d at 201 (absolute immunity extends to intimidation of witnesses). Barcella's alleged suppression of exculpatory evidence and use of the Quintero affidavit at trial are also subject to immunity. *See Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979); *Boyd*, 31 F.3d at 285.

Wilson's claim that obtaining the Quintero affidavit was an "investigatory" act, Resp. at 31, is unavailing because the alleged purpose of the affidavit was to support the government's case against Wilson, not to identify him as a suspect. *See Cousin*, 325 F.3d at 633 ("[T]he question of absolute immunity turns on whether [plaintiff] had been identified as a suspect at the time [witness] was interviewed and whether the interview related to testimony to be presented at trial."). According to the FAC, Barcella obtained the Quintero affidavit months after Wilson was indicted in the District of Columbia. FAC ¶294. Similarly, the FAC alleges that Barcella and others hired Ernest Keiser to bring Wilson to the United States more than a year after the indictment. FAC ¶¶120, 123. Wilson's attempt to rely on his second D.C. indictment, dated August 7, 1981, is unavailing. *See Tellier v. Petrillo*, No. 95 Civ. 211, 1996 WL 734885, at *3 (S.D.N.Y. Dec. 23, 1996) (prosecutors immune from charges of fabricating evidence used to

---

[6] Wilson's claim that Barcella has no immunity for "supervising" Ernest Keiser's efforts to bring Wilson to the United States, Resp. at 25, n.41 (citing FAC ¶123), is frivolous. Any actions Barcella took in connection with Keiser's plan were part of his efforts to bring Wilson to trial and are therefore covered by absolute immunity. *See Spivey*, 197 F.3d at 774, 776 (prosecutors absolutely immune for instructing police officers to obtain arrest warrant). Barcella is also immune for his supervision of other prosecutors in connection with the acts alleged in the complaint. *See Hamilton,* 777 F.2d at 1213 n.5. Wilson relies on cases involving claims that supervisors failed to train subordinates or created a policy or practice of constitutional violations, allegations which appear nowhere in Wilson's complaint. *See* Resp. at 25-26; *Pierce v. Gilchrist*, 359 F.3d 1279, 1284 (10th Cir. 2004); *Thompson v. Connick,* No. Civ. A. 03-2045, 2005 WL 3541035 at *4-5 (E.D. La. Nov. 15, 2005).

secure superseding indictment because, "[h]aving already secured an indictment, prosecutors cannot be said to have been functioning in their investigatory capacity").[7]

### 4. Allegations That Barcella Acted As Part of a Conspiracy Cannot Overcome His Immunity

Wilson's claim that Barcella conspired with other prosecutors does not affect Barcella's immunity. "[W]hen the underlying acts are protected by absolute immunity, mere allegations that the prosecutor performed these acts in the course of a conspiracy will not be sufficient to avoid absolute immunity." *Groom v. Fickes*, 966 F. Supp. 1466, 1477 (S.D. Tex. 1997). Because Barcella is immune for "each state action alleged to have harmed" Wilson, there is "no need to reach the issue of whether a conspiracy existed to engage in those actions." *Hale v. Townley*, 45 F.3d 914, 920-21 (5th Cir. 1995); *see also Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985).

The cases Wilson cites for the proposition that conspiracies are not protected by absolute immunity, *see* Resp. at 54-58, are inapposite. In *Spurlock*, 330 F.3d at 798, and *Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001), the court determined the prosecutors' underlying acts were not covered by immunity. *White v. Frank,* 680 F. Supp. 629, 632 (S.D.N.Y. 1988), *Metoyer v. Connick*, No. Civ. A. 99-3019, 2000 WL 863133, at *5 (E.D. La. June 26, 2000), *Paine v. City of Lompoc*, 265 F.3d 975, 981-82 (9th Cir. 2001), *San Filippo v. U.S. Trust Co.*, 737 F.2d 246, 255 (2d Cir. 1984), and *Spurlock v. Satterfield*, 167 F.3d 995, 1002 (6th Cir. 1999), all deal with testimonial immunity, not prosecutorial immunity. Moreover, these cases

---

[7] Nor is there any merit to Wilson's contention, asserted for the first time in his Response, that Barcella acted as a "complaining witness" in securing the District of Columbia indictment. A prosecutor is not considered a "complaining witness" unless he or she personally attests to facts used to establish probable cause. *See Kalina*, 522 U.S. at 130-31; *Spivey*, 197 F.3d at 776. With the exception of *Kalina* and *Spivey,* none of the alleged "complaining witnesses" in the cases cited by Wilson, Resp. at 51-54, were prosecutors. Wilson's assertion that a prosecutor may be found to be a complaining witness for "instigating, encouraging and/or perpetuating" a prosecution, Resp. at 54, would nullify the doctrine of prosecutorial immunity. The FAC alleges that Barcella "convened a federal grand jury in Washington, D.C. to assess the evidence garnered against Wilson" from a CIA-FBI investigation begun three years earlier, but nowhere states that Barcella personally attested to the accuracy of this evidence. *See* FAC ¶¶ 95, 96, 159. Likewise, Wilson does not allege that Barcella personally attested to the truth of evidence used to initiate proceedings against Wilson in New York, Texas, Virginia or Tax Court.

have no authority in the Fifth Circuit, which has held that absolute witness immunity extends to conspiracies to commit perjury. *Mowbray*, 274 F.3d at 277-78; *McQueen v. United States*, 264 F. Supp. 2d 502, 512 (S.D. Tex. 2003).[8]

### 5. Barcella Is Immune from Liability for Testimony at Wilson's New York Trial

Wilson concedes that Barcella's testimony at Wilson's New York trial is subject to absolute immunity. Resp. at 53 n.84; *see also Briscoe v. LaHue*, 460 U.S. 325, 329-31 (1983) (witness immune from civil rights action based on trial testimony). Barcella is also immune for allegedly signing a false affidavit in connection with the same prosecution. *See* FAC ¶42; *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989) (witness immune from civil suit alleging false affidavit).

To avoid the clear holding of *Briscoe*, however, Wilson asserts that Barcella acted as a "complaining witness" and testified falsely against Wilson before the New York grand jury. Resp. at 53 n.84. Yet the FAC does not include a single allegation that Barcella testified at the New York grand jury proceedings. Because "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss, " *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984), the Court should disregard these arguments. *See also Davis v. Davis*, No. Civ.A.3:97-CV-0267, 1998 WL 51366, at *2 n.3 (N.D. Tex. Jan. 21, 1998) (disregarding plaintiff's attempts to "recharacterize his claim" in an opposition brief).

### B. Wilson Cannot State a Claim for Damages for Prosecutions Outside Texas

#### 1. Damage Claims Related to the New York and Virginia Prosecutions Are Barred by *Heck*

In addition to being barred by absolute immunity, Wilson's claims relating to his New York and Virginia prosecutions fail because of the favorable termination rule of *Heck v.*

---

[8] In addition, to the extent the alleged conspiracy calls into question the validity of the New York and Virginia convictions, the claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). *See infra* Part B.1.

*Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that in order to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must prove that the conviction or sentence has been invalidated. *Id.* at 486-87; *see also Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

Wilson does not and cannot claim that his New York and Virginia convictions have been invalidated. Rather, he suggests that *Heck* does not bar recovery of damages arising from these prosecutions because his *Bivens* action does not seek to invalidate these convictions. Resp. at 58. Not surprisingly, Wilson cites no authority for this proposition. Wilson has asserted in this action a claim for damages based on conduct that calls into question the validity of his convictions in New York and Virginia. *Heck* clearly establishes that such a claim may not proceed unless and until the convictions in question have been invalidated. The fact that the suit for damages does not seek to invalidate the convictions does not overcome the fact that the suit itself is premature.

Wilson's additional claim that the *Heck* rule does not apply because he is no longer incarcerated, Resp. at 58-59, is simply incorrect. In *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), the Fifth Circuit held that the *Heck* rule applies to plaintiffs who have been released from confinement. *See also Chatman v. Angelina County Justice Sys.,* No. Civ. A. 905CV54, 2005 WL 1230920, at *1 (E.D. Tex. May 23, 2005).

    **2.**    **Claims Related to Wilson's D.C. and Tax Court Prosecutions Are Untimely**

Because Wilson was not convicted in his D.C. or Tax Court prosecutions, the *Heck* rule does not apply and any *Bivens* cause of action related to these proceedings accrued when Wilson knew or had reason to know of the injury of which he complains. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 589-90 (5th Cir. 1999). Accordingly, Wilson's D.C.-based cause of action accrued no later than March 1983, when Raphael Quintero, whom Wilson alleges Barcella

coerced into signing a false affidavit, testified at trial. *See* FAC ¶296 ("The DOJ sham came to light when Quintero was questioned on the witness stand . . . ."). Any cause of action arising from Wilson's tax case accrued no later than June 1989, when the Trustee began settlement negotiations with the IRS. *See* FAC ¶337. Wilson's claims relating to these matters are barred by both the District of Columbia's three-year statute of limitations, D.C. CODE §12-301, and Texas's two-year limitations period. *Peña v. United States*, 157 F.3d 984, 987 (5th Cir. 1998).[9]

Wilson contends, however, that his cause of action for a "conspiracy" encompassing actions in Texas, New York, Virginia, and the District of Columbia accrued when his Texas conviction was vacated on October 27, 2003. Resp. at 59. While Wilson is correct that his Texas cause of action, governed by Texas's two-year statute of limitations, accrued when his Texas conviction was vacated, he cites no authority for proposition that the vacatur of his Texas conviction gave rise to causes of action based on conduct in separate prosecutions in New York, Virginia and the District of Columbia.[10]

### 3. Wilson's Conclusory Allegations Concerning Barcella's Role in Investigating Wilson Cannot Survive a 12(b)(6) Motion

In response to Barcella's argument that Wilson's conclusory allegations regarding Barcella's role in investigating Wilson are insufficient to state a *Bivens* claim in this Circuit, Wilson argues that the heightened pleading standard set forth in *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999), applies only to overcome assertions of qualified immunity. Resp. at 10. Wilson is wrong. *See Woods v. Chapman*, No. Civ. A. 4:04-CV-405-Y,

---

[9] Any cause of action arising out of allegations that Barcella gave information to author Peter Maas—*see* Resp. at 28-29; FAC ¶¶341-43—would be similarly untimely.

[10] Grasping for authority to support his contention that he should not be required to divide his *Bivens* claim into several different lawsuits, Wilson resorts to *dicta* in a Texas state court case discussing the general policy prohibiting a plaintiff from splitting a single cause of action into several lawsuits. *See* Resp. at 60 (citing *Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153, 156 (Tex. Civ. App.1980)). According to Wilson, it seems, since the State of Texas does not permit a plaintiff to bring several different suits based on the same wrong, Wilson should be permitted in federal court to combine several different alleged wrongs into a single lawsuit. Not surprisingly, Wilson is unable to cite any support for this twist of logic.

9

2006 WL 560714 at *2 (N.D. Tex. Mar. 7, 2006) (applying heightened pleading standard where defendants asserted absolute immunity).

### 4. Wilson's Complaint Does Not Allege Violations of the Fourth or Sixth Amendments

Finally, Wilson complains that defendants have not addressed his Fourth and Sixth Amendment causes of action, *see* Resp. at 11, when neither Wilson's original complaint nor the FAC asserts such claims. *See* Original Complaint ¶¶356-68 (asserting cause of action for Fifth Amendment violation and intentional infliction of emotional distress); FAC ¶¶350-53 (asserting cause of action for Fifth Amendment violation).[11] The Court should disregard these contentions.

As discussed, Wilson may not introduce new causes of action in his opposition papers. *See supra* Part A.5; *Davis*, 1998 WL 51366 at *2 n.3. Nor should the Court permit Wilson to amend his complaint to include these claims, as amendment would be futile. *See Columbraria Ltd. v. Pimienta*, 110 F. Supp. 2d 542, 549 (S.D. Tex. 2000). Wilson's proposed Fourth and Sixth Amendment claims fail for the same reasons his Fifth Amendment claims relating to the same conduct must be dismissed. Barcella is absolutely immune from liability for his alleged role in bringing Wilson to the United States and in withholding exculpatory evidence concerning Wilson's CIA contacts, *see supra* n.11, whether these claims are styled as due process violations, unconstitutional seizures or violations of the right to a fair trial.[12]

---

[11] In a footnote in his Response, Wilson cites allegations of Ernest Keiser's efforts to bring Wilson to the U.S. and the tax assessment levied against Wilson's asserts, claiming that they constituted unreasonable seizures in violation of the Fourth Amendment. Resp. at 11 n.16. In another footnote, Wilson cites allegations that "the government" did not disclose information related to Wilson's CIA contacts, and that Wilson suffered "adverse publicity" from *Washington Post* articles linking him to the sales of explosive timers in Libya, the murder of Chilean ambassador Orlando Letelier and a secret arms deal with Egypt, claiming violations of the Sixth Amendment. Resp. at 11 n.18.

[12] *See Carter v. Clay*, No. Civ. A. H97-4141, 2000 WL 1810961, at *7 (S.D. Tex. Mar. 29, 2000) (prosecutor absolutely immune for claimed Sixth Amendment violation); *Bryan v. Levy*, 106 Fed. Appx. 214, 214-15 (5th Cir. 2004) (prosecutor absolutely immune for alleged Fourth Amendment violation). The same is true of Wilson's proposed claim for denial of his right of access to the courts. *See Spence v. Hood*, 170 Fed. Appx. 928, 930 (5th Cir. 2006).

## CONCLUSION

For the reasons set forth above and in Barcella's memorandum of law in support of his Motion to Dismiss, Barcella respectfully requests that the Court dismiss the complaint against him in its entirety, with prejudice.

Dated: New York, NY
       July 10, 2006

>                                    Respectfully submitted,
>
>                                    s/Melinda Sarafa_____
>                                    Melinda Sarafa
>                                    Attorney-in-Charge
>                                    State Bar No. 00794592
>                                    SDTX Bar No. 252092
>                                    ZUCKERMAN SPAEDER LLP
>                                    1540 Broadway, Suite 1604
>                                    New York, NY 10036
>                                    Tel: 212-704-9600
>                                    Fax: 212-704-4256

*Of Counsel*
Deborah J. Jeffrey *(admitted pro hac vice)*
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel: 202-778-1800
Fax: 202-822-8106

Laura Neish
ZUCKERMAN SPAEDER LLP
1540 Broadway, Suite 1604
New York, NY 10036
Tel: 212-704-9600
Fax: 212-704-4256

>                                    *Counsel for Defendant Lawrence Barcella*

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 10, 2006, I caused true and correct copies of Defendant Lawrence Barcella's Reply in Support of His Motion to Dismiss the Complaint to be served by First Class U.S. Mail upon the parties below:

Steve W. Berman, Esq.
Nick Styant-Browne, Esq.
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
*Counsel for Plaintiff Edwin P. Wilson*

Anthony Lapham, Esq.
Goodwin Proctor LLP
901 New York Avenue NW
Washington, DC 20001
*Counsel for Defendant Charles A. Briggs*

Robert S. Bennett, Esq.
Carl S. Rauh, Esq.
Anand Raman, Esq.
Darren M. Welch, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005
*Counsel for Defendant Theodore Greenberg*

Charles W. Schwartz, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
1000 Louisiana, Suite 6800
Houston, TX 77002
*Counsel for Defendant Theodore Greenberg*

M. Sean Royall, Esq.
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
*Counsel for Defendant Stephen Trott*

Charles W. Blau, Esq.
Meadows Owens Collier Reed
901 Main, Suite 3700
Dallas, TX 75002
*Counsel for Defendant D. Lowell Jensen*

Robert S. Litt, Esq.
Elissa J. Preheim, Esq.
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
*Counsel for Defendant Mark M Richard*

Clayton Cannon, Esq.
Henry J. Fasthoff, IV
Stumpf Craddock Massey Farrimond
1400 Post Oak Blvd, 4th Floor
Houston, TX 77056
*Counsel for Defendant Mark M Richard*

Lawrence D. Finder, Esq.
Casey T. Wallace, Esq.
Sandy D. Hellums, Esq.
Haynes and Boone LLP
1221 McKinney, Suite 2100
Houston, TX 77010
*Counsel for Defendants James L. Powers & Daniel K. Hedges*

                                                        s/Melinda Sarafa
                                                        Melinda Sarafa